IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KENNY W. VAWTER, | |
| Plaintiff, | 8:20CV250 |
| vs. | |
| MIKE GASKI, and FBI SCOUTING BUREAU, | MEMORANDUM AND ORDER |
| Defendants. | |

Plaintiff Kenny W. Vawter filed his pro se Complaint on June 25, 2020 (filing 1) and has been granted leave to proceed in forma pauperis. The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Vawter filed his Complaint naming Team USA President Mike Gaski and the FBI (MLB) Scouting Bureau as Defendants. This is one of several lawsuits filed by Vawter in relatively quick succession in this court against these Defendants. *See Vawter v. Gaski et al.*, 20CV230; *Vawter v. Gaski et al.*, 20CV244; *Vawter v. FBI Scouting Bureau et al.*, 20CV266. As is true in those other cases, Vawter's Complaint in the present case is rambling and incoherent. Vawter alleges the basis for federal question jurisdiction in this case is: "constitutional rights, right to counsel, USA Terrorism Act, Patriot Act, Freedom Act, lawsuits - order to commit murder, bill - contracts to kill athletes or me." (Filing 1 at CM/ECF p. 3.)[1] Vawter again complains about a stolen "$300 quadrillion dollar[]" inheritance, Defendants' alleged racketeering and interference

---

[1] Capitalization and punctuation corrected throughout this order.

with Major League Baseball, a forced connection between Vawter's "neurological system" and NASA and/or the ISS, and a general plot to torture and kill him. (*Id.* at CM/ECF pp. 4–5.) Vawter appears to seek court orders putting a stop to all these alleged wrongs against him.

Vawter has also filed three motions to amend (filings 6, 7, & 8) which are likewise incomprehensible and appear to be nothing more than lists of various federal constitutional provisions and federal statutes with no decipherable factual allegations relating to the Defendants.

## II. APPLICABLE STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a

lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

Vawter has not complied with Federal Rule of Civil Procedure 8 which requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). Moreover, the court can identify no federal statutory or constitutional provision that would give rise to a plausible claim for relief against any named defendant and has determined this action should be dismissed on initial review because Vawter's allegations are completely unintelligible and without a factual or legal basis. *See Denton v. Hernandez*, 504 U.S. 25, 32–34 (1992) (court may dismiss complaint of plaintiff proceeding in forma pauperis as frivolous and may disregard clearly baseless, fanciful, fantastic, or delusional factual allegations); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002) (dismissing complaint as frivolous and stating that "[a] complaint is frivolous when it lacks an arguable basis in either law or fact" (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989))). Vawter will not be granted leave to amend his complaint because such amendment would be futile. *See Silva v. Metro. Life Ins. Co.*, 762 F.3d 711, 719–20 (8th Cir. 2014) (district courts can deny motions to amend when such amendments would be futile, such as claims that are frivolous or could not withstand a 12(b)(6) motion to dismiss); *Reuter v. Jax Ltd., Inc.*, 711 F.3d 918, 922 (8th Cir. 2013) ("frivolous claims are futile").

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint (filing 1) is dismissed with prejudice as frivolous.

2. Plaintiff's motions to amend (filings 6, 7, & 8) are denied as moot.

3. The court will enter judgment by a separate document.

Dated this 12th day of August, 2020.

                                            BY THE COURT:

                                            *Richard G. Kopf*

                                            Richard G. Kopf
                                            Senior United States District Judge